UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOCH ACTON, INC. D/B/A DYNAMIC BEACON ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | C.A. No. 1:21-cv-10374 |
| v. ) | |
| ) | COMPLAINT AND |
| BENJAMIN KOLLER AND ) | DEMAND FOR JURY TRIAL |
| JUSTIN BRUN ) | |
| ) | |
| *Defendants.* ) | |

**COMPLAINT AND JURY DEMAND**

**I.      INTRODUCTION**

Plaintiff Koch Acton, Inc., d/b/a Dynamic Beacon ("Dynamic Beacon" or "Plaintiff") brings this action against Defendants Benjamin Koller ("Koller") and Justin Brun ("Brun") (collectively "the Defendants") to recover damages and obtain an injunction for the Defendant's violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, 1836(b)(1), *et seq.*, the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, 1030(g), *et seq.*, misappropriation, theft of trade secrets, breach of the duty of loyalty, tortious interference with business relations, unjust enrichment and violations of M.G.L. c. 93A.

**II.      PARTIES**

1. Plaintiff Koch Acton, Inc., d/b/a Dynamic Beacon is a Massachusetts corporation with a principal place of business located at 21 High Street, Suite 301 North Andover, MA 01845.

2. Upon information and belief, Defendant Benjamin Koller is a resident of 47 Sadler Lane, Williston, Vermont 05495.

3. Upon information and belief, Defendant Justin Brun is a resident of 68 Chandler Street, Arlington, Massachusetts, 02474.

### III.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§1836, 1836(b)(1), the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, 1030(g) and 28 U.S.C. § 1331.

5. The Court has supplement jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendant because the acts complained of were performed in Massachusetts.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and 1391(c).

### IV.     FACTUAL ALLEGATIONS

**Koller and Brun's Employment as
Manager of Koch's Advertising Entity, Dynamic Beacon**

8. Koch Acton, Inc. operates Acton Toyota of Littleton ("Acton Toyota"), an automotive dealership located in Littleton, Massachusetts.

9. Dynamic Beacon is a digital marketing agency, operated by Koch Acton, Inc., out of its Acton Toyota location at 221 Great Road, Littleton, Massachusetts. As a digital marketing agency, Dynamic Beacon focuses on generating online automotive market advertising for its clients. Its customers include auto dealerships and other entities involved in the automotive business.

10. Dynamic Beacon designs sophisticated and complex marketing strategies specific to the

marketing needs of its clients that relies on the use of precise coding and algorithms to achieve these marketing strategies and needs.

11. Koller and Brun began employment as sales associates at Acton Toyota in or about June of 2004 and January 2005, respectively. Both Koller and Brun eventually took sales manager positions at Dynamic Beacon managing the client accounts, internet sales, as well as a team of employees who supported Dynamic Beacon's advertising business.

12. Defendants, as managers, had access to and use of confidential client lists, client data, marketing data, specific client and marketing algorithms, client specific codes, and other related advertising material (collectively "Dynamic Beacon Trade Secrets") which are solely developed by, and the property of, Dynamic Beacon.

13. Koller and Brun occupied a position of trust and confidence during their employment as sales managers with Dynamic Beacon.

14. Dynamic Beacon Trade Secrets were collected and maintained on Dynamic Beacon's private secure server that is password protected.

15. Dynamic Beacon Trade Secrets are not accessible by the public nor are they commonplace knowledge; rather, Dynamic Beacon Trade Secrets are comprised of specialized coding and algorithms and files which have been created by Dynamic Beacon for specific use of Dynamic Beacon clients and potential clients.

16. As part of their employment, Koller and Brun were authorized to access certain confidential business information and Dynamic Beacon Trade Secrets only in furtherance of developing and maintaining Dynamic Beacon's business and client-base.

17. On or about January 18, 2021, Koller and Brun ceased employment with Dynamic Beacon.

18. In connection with Koller and Brun's separation from Dynamic Beacon, they took

Dynamic Beacon Trade Secrets without Dynamic Beacon's consent and for their own benefit.

19. Specifically, Koller and Brun accessed Dynamic Beacon's servers, downloaded Dynamic Beacon's client and marketing files containing Dynamic Beacon Trade Secrets among other Dynamic Beacon property. The Defendants exceeded their authorization when they accessed, copied, and kept Dynamic Beacon Trade Secrets for their own benefit.

20. At no time was either Koller or Brun authorized to access Dynamic Beacon Trade Secrets for their own benefit.

21. Additionally, on best information and belief, Koller and/or Brun, just prior to their departure from Dynamic Beacon, sought passwords from employees of Dynamic Beacon relative to specific client accounts which are managed by Dynamic Beacon. Thereafter, they provided this sensitive client information to an outside vendor who is not authorized to have this information and/or access.

22. These actions were all taken with the intent and motive to use Dynamic Beacon's property, clients, and Dynamic Beacon Trade Secrets to set up a competing business with Dynamic Beacon for their own profit and to the detriment of Dynamic Beacon. Defendants commenced these actions while still employees of Dynamic Beacon.

23. After absconding with Dynamic Beacon Trade Secrets and in an effort of deception to conceal the misappropriation, Koller and Brun completely wiped the Dynamic Beacon computers assigned to them solely for use in their capacity as managers of Dynamic Beacon.

24. Dynamic Beacon never authorized Koller or Brun to wipe the Dynamic Beacon computer assigned to them solely for use in their capacity as manager.

25. Thereafter, Koller and Brun have engaged in actions to use Dynamic Beacon Trade Secrets and solicit clients of Dynamic Beacon. Koller and Brun are also using Dynamic Beacon Trade Secrets to service these clients including the marketing materials, algorithms, codes and other resources that they wrongfully took from Dynamic Beacon.

26. Koller and Brun willfully and maliciously misappropriated Dynamic Beacon Trade Secrets for their own benefit and in an effort to negatively impact Dynamic Beacon's business relationships, circumvent Dynamic Beacon's business and profits, and cause other associated injuries. Dynamic Beacon has been injured as a result.

## V.     CAUSES OF ACTIONS

### Count I
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1)

27. Plaintiff incorporates by reference Paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. Plaintiff sells its products in interstate commerce.

29. Plaintiff maintained and continues to maintain confidential and trade secret client lists, client data, marketing data and other related advertising material.

30. Plaintiff exclusively owns its confidential and trade secret client lists, client data, marketing data and other related advertising material.

31. Plaintiff took reasonable measures to maintain the secrecy of its confidential and trade secret client lists, client data, marketing data and other related advertising material by protecting information with passwords and encryption.

32. Dynamic Beacon Trade Secrets have independent economic value, are not generally accessible by the public or other individuals who can obtain economic value from the disclosure or use of the information.

33. Prior to their separation from employment with Plaintiff, Defendants knowingly misappropriated Dynamic Beacon Trade Secrets for their own use and benefit and/or the benefit and use of others in violation of 18 U.S.C. §1836(b)(1).

34. As a direct and proximate cause of the Defendants' violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1), the Plaintiff suffered and continues to suffer irreparable harm, general, special and economic damages, injuries and losses, fees, costs, attorney's fees and has a diminished reputation in its industry and elsewhere, all to its detriment.

35. Defendants' misappropriations of Dynamic Beacon Trade Secrets were willful and malicious.

## Count II
## Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030. 1030(g), et seq.

36. Plaintiff incorporates by reference Paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37. Dynamic Beacon Trade Secrets were maintained on a protected computer/server according to 18 U.S.C. § 1030(a)(2) as the computers are used in or affect interstate commerce including the marketing and sale of products in interstate commerce and because the computers are connected to the internet.

38. Dynamic Beacon's confidential Trade Secrets were collected and maintained on its private secure server that is password protected.

39. Defendants were entrusted by Dynamic Beacon with access to the confidential trade secrets on its protected computers.

40. Defendants breached their duty of loyalty to Dynamic Beacon by accessing protected Dynamic Beacon computer systems solely to take Dynamic Beacon Trade Secrets for the purpose of benefiting themselves and competitors to the detriment of Dynamic Beacon.

41. Defendants acted without authorization or exceeded their authorization when they accessed Dynamic Beacon's protected computer systems in breach of their duties to Plaintiff as a competitor rather than as an agent of Plaintiff.

42. Shortly after the Defendants departure from employment, Dynamic Beacon discovered Defendants' unauthorized access to its protected computers and servers.

43. Dynamic Beacon engaged in a forensic evaluation to investigate the full extent of Defendants' access to its protected computers and servers and even assigned Dynamic Beacon's employees to this effort.

44. As a direct and proximate cause of Defendant's violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), Plaintiff suffered and continues to suffer irreparable harm, general special and consequential damages, diminished reputation in its industry and elsewhere, all to its detriment, and incurred aggregate losses of at least $5,000 within a one-year period.

### Count III
### Misappropriation and Violations of Massachusetts Trade Secrets Law
### M.G.L. c. 93 §§ 42 and 42A

45. Plaintiff incorporates by reference Paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

46. Dynamic Beacon has and continues to maintain confidential trade secret information concerning its existing customers, marketing and business development strategies.

47. Dynamic Beacon is the exclusive owner of Dynamic Beacon's Trade Secrets.

48. Dynamic Beacon sold and continues to sell products that almost solely rely upon Dynamic Beacon's Trade Secrets.

49. Dynamic Beacon took reasonable measures to maintain the secrecy and confidentiality of Dynamic Beacon Trade Secrets by password protecting and encrypting its protected computers, while also requiring its employees to maintain confidentiality.

50. Dynamic Beacon Trade Secrets have independent economic value, and they are not generally known or accessible to individuals able to obtain economic value from the disclosure or use of this information.

51. Defendants misappropriated Dynamic Beacon Trade Secrets through their theft of confidential information and breach of their duty of loyalty to Dynamic Beacon, in violation of Massachusetts trade secret laws, including, but not limited to, M.G.L. c. 93 §§ 42 and 42A.

52. Defendants stole and used the misappropriated confidential information knowing that the information was obtained in violation of Massachusetts law and in breach of their duty of loyalty to Dynamic Beacon.

53. As a direct and proximate cause of the Defendants' violations of the Massachusetts trade secret laws, Plaintiff suffered and continues to suffer irreparable harm general, special, and consequential damages, injuries and losses, fees, costs, attorney's fees and diminished reputation in its industry and elsewhere, all to its detriment.

## Count IV
## Breach of Duty of Loyalty

54. Plaintiff incorporates by reference Paragraphs 1 through 53 of the Complaint, as if fully set forth herein.

55. Defendants were trusted with access and the responsibility to maintain Dynamic Beacon's confidential trade secret information.

56. As managers of Dynamic Beacon, Defendants occupied a position of trust and confidence.

57. Thus, Defendants owed Dynamic Beacon a duty of loyalty.

58. While employed by Dynamic Beacon in a position of trust and confidence, Defendants stole Dynamic Beacon Trade Secrets and completely wiped their company issued computers.

59. Defendants acted in their own interests and in direct opposition to Dynamic Beacon's interests when he stole Dynamic Beacon Trade Secrets and wiped the company computers.

60. As a result of Defendants' actions, they violated their duty of loyalty to Dynamic Beacon.

61. As a direct and proximate cause of Defendants' breach of the duty of loyalty, Dynamic Beacon suffered and continues to suffer irreparable harm, general, special, consequential damages, injuries and losses, fees, costs, attorney's fees, diminished reputation in its industry and elsewhere, all to its detriment.

## Count V
## Tortious Interference with Business Relations

62. Plaintiff incorporates by reference Paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63. Plaintiff had a business relationship or contemplated contract of economic benefit with purchasers of advertising services and products with whom Plaintiff historically conducted business.

64. As the manager of the advertising entity of Plaintiff, Defendants were aware of Plaintiffs' business relationships.

65. Defendants interfered with these relationships through improper motive or means.

66. In particular, Defendants interfered with and negatively impacted Plaintiff's business relationships by stealing its trade secrets for their own benefit and the benefit of Plaintiff's competitors.

67. As a direct and proximate cause of Defendants' interference with Plaintiff's business relationships, Plaintiff suffered and continues to suffer irreparable harm, general, special, consequential damages, injuries and losses, fees, costs, attorney's fees and diminished reputation in its industry and elsewhere, all to its detriment.

### Count VI
### Unjust Enrichment

68. Plaintiff incorporates by reference Paragraphs 1 through 67 of the Complaint, as if fully set forth herein.

69. Defendants stole Dynamic Beacon Trade Secrets in an effort to procure clients for their benefit and the benefit of Plaintiff's competitors and to Plaintiff's detriment.

70. Defendants did not compensate Plaintiff for its trade secrets.

71. As a direct and proximate cause of Defendants' interference with Plaintiff's business relationships, Plaintiff suffered and continues to suffer irreparable harm, general, special, consequential damages, injuries and losses, fees, costs, attorney's fees and diminished reputation in its industry and elsewhere, all to its detriment.

72. It is inequitable for Defendants to retain this benefit and Plaintiff has been significantly harmed as a result.

### Count VII
### Violation of c. 93A § 11

73. Plaintiff incorporates by reference Paragraphs 1 through 72 of the Complaint, as if fully set forth herein.

74. Defendants engaged in unlawful actions immediately prior to their departure from Plaintiff including unlawfully accessing and copying Dynamic Beacon Trade Secrets with the intent to misappropriate Plaintiff's confidential information.

75. After misappropriating Koch's Trade Secrets, Defendants completely wiped their Dynamic Beacon issued computers in an attempt to conceal and deceive Plaintiff.

76. Defendants' actions constitute unfair and deceptive business practices within the meaning of M.G.L. c. 93A.

77. As a result of their intentional actions to damage Plaintiff and obtain information to be used for their own competitive advantage, as well as their intent to separate from Plaintiff immediately following their unlawful actions, Defendants were acting not as an employee, but as a competitor intent on harming Plaintiff.

78. Therefore, at all relevant times, Defendants were and continue to be engaged in trade and commerce within the meaning of M.G.L. c. 93A § 11.

79. As a direct and proximate cause of Defendants' unfair and deceptive business practices, Plaintiff suffered and continues to suffer irreparable harm, general, special, consequential damages, injuries and losses, fees, costs, attorney's fees and diminished reputation in its industry and elsewhere, all to its detriment.

## **PRAYERS FOR RELIEF**

WHEREFORE, Koch Acton, Inc., d/b/a Dynamic Beacon respectfully requests that this Court enter judgment in its favor against the Defendants as follows:

1. Permanently enjoin Defendants from accessing, using and disclosing any of Plaintiff's confidential, proprietary and trade secret information to all individuals and entities.

2. Award Plaintiff compensatory and consequential damages in an amount to be determined at trial;

3. Award Plaintiff its attorneys' fees and costs incurred relation to this litigation;

4. Order that the Defendants be disgorged of all profits realized and/or will realize as a consequence of their unauthorized disclosure or use of Plaintiff's confidential, proprietary and trade secret information, misrepresentations and other improper conduct;

5. Direct Defendants to immediately return to Plaintiff's possession and control, all Plaintiff-related documents and information, whether in print or electronic form, or otherwise, whether originals or copies;

6. Order an accounting of all compensation received by Defendants;

7. Award Plaintiff such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Respectfully Submitted,

Plaintiff,

**KOCH ACTON, INC. D/B/A DYNAMIC BEACON**

By their attorneys,

/s/ *Rachel E. Moynihan*
Rachel E. Moynihan, BBO #663887
Christos I. Koutrobis, BBO #697860
Manning Gross + Massenburg, LLP
125 High Street, 6th Floor
Oliver Street Tower
Boston, MA 02110
Telephone: (617) 670-8800
Facsimile: (617) 670-8801

Dated: March 5, 2021